L. H. JONES, Administrator, Appellant, v. CITY OF SIOUX CITY, Appellee.

APPEAL AND ERROR: Reversal—Law of Case—Retrial on Same Record. A ruling on appeal that the record revealed a jury question is absolutely binding on the trial court on retrial on the same record, *and the trial court must take notice of such record.*

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

MAY 3, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ON the evening of May 18, 1916, Jennie V. Jones, with her father, L. H. Jones, was driving an automobile on Fourth Street in Sioux City, Iowa, when a collision occurred between her car and another, belonging to the city, driven by one Callander, a city employee. Miss Jones was instantly killed; and thereafter, plaintiff, as administrator of her estate, brought this action at law, to recover damages.

The demand for recovery of damages was based on charges of negligence on the part of the city, and was stated in several distinct specifications, as follows: First, the negligence of Callander in driving the car at a reckless and dangerous rate of speed; second, negligence of the city in employing and retaining Callander in its service, knowing that he was a careless and reckless driver; third, failure of the city to properly light the street at the place of the collision; and fourth, negligence in permitting the pavement of the street at that point to become and be in a rough and defective condition.

A demurrer to the petition having been overruled, defendant joined issue upon each of the several charges. A jury was impaneled in the case, and, at the conclusion of the testimony, the court sustained the defendant's motion for a directed verdict in its favor, and dismissed the action at plaintiff's costs. From this ruling and judgment the plaintiff appealed to this court, where said judgment was reversed. See *Jones v. City of Sioux City*, 185 Iowa 1178. As will be there seen, the reversing opinion concludes as follows:

"Appellant contends that, even though the act in question was governmental, the concurrent negligence in permitting the defective condition of the street should have been submitted to the jury. Under the evidence heretofore referred to, we think the court should have submitted to the jury the issue as to the defective condition of the street. * * * For the reasons given, the judgment of the district court is reversed, and the cause remanded for further proceedings in harmony with the opinion."

Procedendo having issued, the cause was redocketed in the

district, and came on for trial anew. At the close of the evidence, the defendant again moved for a directed verdict in its favor, and the motion was again sustained. From this ruling and the judgment entered on the directed verdict, the plaintiff again appeals.—*Reversed.*

*Evans & Evans,* for appellant.

*George W. Kephart* and *Kass & Kass,* for appellee.

·WEAVER, J.—On the second ·trial, the plaintiff relied ·upon the same evidence offered by him on the first trial, reading it to the jury from the record. · On the first trial, the defendant had offered no evidence; but on· the second trial, several witnesses testified in its behalf to matters tending to show that the city car, at the time of the collision, was carrying several policemen, who were responding to a ''police call''· sent in from another part of the city. The city on neither trial offered any evidence in denial of the testimony on plaintiff's part· tending to show a defective condition of the street pavement at the point in question, but seeks to avoid its· effect by insisting that, even if the alleged defects existed, there is no evidence that they in any manner contributed to the collision.

In submitting the present appeal, the· plaintiff relies upon the proposition that the decision of this court on the first appeal becomes the law of the case for the government of the parties and court in all subsequent stages of the litigation,—a rule in support of which it is needless to cite authorities. · A recognized exception to the rule occurs when the facts produced on a ·second trial differ materially from those appearing on the first trial. Plaintiff insists that the evidence upon the second trial in support of his claim is precisely the same as was produced by him on the former appeal; and that, this court having decided that the issue upon the condition of the street should have been submitted to the jury, it was error on the second trial to refuse to recognize that rule. There is no denial that plaintiff did reproduce the evidence from the first trial by reading it to the jury, but it is sought to avoid the application of the rule by suggesting that the trial court on the second hearing could not know what the record or abstracts did reveal to this court on the

first hearing, and that it was, therefore, at liberty to reach its own conclusion, unhampered by the decision of the appellate tribunal. Following that line of reasoning, the court, in making its ruling, said:

"There is not a scintilla of evidence that the condition of the street, defective though it might have been, had any causal relation whatever to the collision. * * * The court, in passing on this question, must take the record as it now stands; and, while plaintiff contends that the record is the same, or substantially the same, as it was in the former trial, the court, in passing on this motion, can only look to the facts in this case as they now appear of the record. And the court holds that there is no evidence whatever tending to show that the defective condition of the street was a concurring cause of the collision, and that there is no question of fact as to this issue that should be submitted to the jury; as a verdict finding that it was a concurring cause would be mere speculation and conjecture on part of the jury."

In further discussion of the rule, the court said:

"I must present the case upon the evidence in the case, and not upon what the Supreme Court says it was. They can make the law; they cannot make facts. The statement made by Justice Preston, in his opinion, is different from the facts in the case. * * * If there was one scintilla of testimony to show there was any causal relation between the condition of the street and this collision, there is no question but that it should go to the jury. They determined it upon a statement of fact which does not exist in the record. * * * The Supreme Court can bind me as to the law, but they cannot bind me as to the facts."

Occasioned, perhaps, by the persistence of counsel in urging the binding effect of the holding of this court on the former appeal, the learned trial court appears to have spoken with some degree of irritation, in the heat of which it overlooked the settled principle that whether a given state of evidence entitles a party to go to the jury is itself a question of *law*, and not of fact; and that, when the appellate tribunal affirms the existence of such right, the ruling (whether, as an abstract proposition, it be right or wrong) may not properly be defied in the further progress of the case on retrial.

Now, not only does the appellee itself show, by its amended abstract, that plaintiff's evidence relating to the condition of the pavement was in the record on the first appeal, and read into the record on the second trial, but an examination of its brief on the first appeal shows that it raised the same objection as to the alleged absence of testimony showing causal connection or relation between the defective pavement and the collision. With the same issue, the same evidence, and the same contention in argument before this court, it was found and held that plaintiff was entitled to submit his case to the verdict of the jury, and that it was error to direct a verdict against him.

As a new trial must be ordered on account of the error here mentioned, further discussion is not required. The cause is remanded to the trial court for further proceedings in harmony with this opinion.—*Reversed.*

EVANS, C. J., PRESTON and DE GRAFF, JJ., concur.