LYDIA FELLERS, Appellee, v. MODERN WOODMEN OF AMERICA, Appellant.

**APPEAL AND ERROR:** Law of Case. An opinion on appeal is the law of the case on retrial on substantially the same facts.

*Appeal from Black Hawk District Court.*—E. B. STILES, Judge.

NOVEMBER 22, 1921.

ACTION at law by the beneficiary of an insurance certificate issued by the defendant, to recover the amount of the certificate, with interest. The certificate was issued on the life of Albert E. Fellers, now deceased. Plaintiff is his mother, and the beneficiary named in the certificate. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Truman Plantz, George G. Perrin, Pike, Sias & Zimmerman,* and *Miller, Kelly, Shuttleworth & Seeburger,* for appellant.

*Hughes, Sutherland, Taylor & O'Brien,* for appellee.

PRESTON, J.—I. Both parties moved for a directed verdict. Their motions were overruled, and the case submitted to the jury. All the facts with reference to the occupation of the deceased and the manner of his death were stipulated. The case

has been before this court on two previous occasions. *Fellers v. Modern Woodmen,* 182 Iowa 99; *Fellers v. Modern Woodmen,* (Iowa) 176 N. W. 244 (not officially reported). The material provisions of the stipulation and the facts are set forth in the first opinion. In this case, the appellant's offered instructions were in line with its theory of the case, as presented on the other appeals, wherein the court held against appellant's theory. The instructions given by the court in this case on the last trial were in harmony with our prior holdings in the case. The evidence was the same on the last trial. We shall not take the time or space to restate the contentions raised on the former appeals. The provision in the policy was construed on the first appeal and this construction was approved in the second, and it was held that, under the evidence, it was a case for the jury.

The appellee relies almost entirely upon the proposition that the former opinions in this case are the law of the case and binding upon the court on this appeal. They cite *Burlington, C. R. & N. R. Co. v. Dey,* 89 Iowa 13; *Hendershott v. Western Union Tel. Co.,* 114 Iowa 415; *Fellers v. Modern Woodmen* (Iowa) 176 N. W. 244 (not officially reported); *Boeck v. Modern Woodmen,* 183 Iowa 211; *Jones v. City of Sioux City,* 192 Iowa 99. See, also, *Bryan & Co. v. Scurlock,* 190 Iowa 534. The law on this point seems to be well settled in this state.

Appellant seems to concede, in effect at least, that the propositions presented are foreclosed, unless the court reconsiders the points determined on the former appeals, and reverses itself. Appellant criticizes both the former opinions, and argues that the questions should be reconsidered. The major part of appellant's argument is directed to the proposition that, under modern authority, the court is not absolutely bound by a prior decision in the same case, if the court is satisfied that the prior decision was clearly and manifestly erroneous. They cite *Mangold v. Bacon,* 237 Mo. 496; *Johnson v. Cadillac Motor Car Co.,* 261 Fed. 878 (8 A. L. R. 1023); *Messinger v. Anderson,* 225 U. S. 436; *King v. West Virginia,* 216 U. S. 92; *Stratton v. Bankers Life Co.,* 102 Neb. 755 (1 A. L. R. 1671); 4 Corpus Juris 1099; and other cases. To the writer it seems that there is force in this contention, and I so expressed myself in the case of *Bryan & Co. v. Scurlock,* supra. But it is unnecessary to determine that

point, for the reason that we are not convinced that the opinions on the prior appeals are erroneous. On the contrary, we are all agreed that the case was correctly determined in the first place.

II. Appellee contends that there has been unnecessary delay caused by the appellant, and that this appeal is not taken in good faith, but for delay. They ask that a penalty be imposed therefor. The suggestion is denied at this time, but without prejudice to making the application by motion, if appellee should deem it advisable. The judgment is—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.