ELLA JENSEN, Appellee, v. INCORPORATED TOWN of Magnolia, Appellant.

No. 42530.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

C. W. Kellogg, for appellant.

William P. Welch, Mathilda R. Mueller, and Salinger, Reynolds & Meyers, for appellee.

STEVENS, J.—Highway No. 127 passes over Locust street, which lies east and west through the incorporated town of Magnolia. On the 10th day of January, 1933, while riding in an automobile being driven eastward on said highway, plaintiff received the injuries of

which she now complains by being suddenly thrown upward, striking the top of the automobile in such a way as to inflict serious injuries upon her. The defect alleged in the street is described by some of the witnesses as a hole about ten inches in depth on the east side of a north and south concrete crossing. According to the testimony, the defect may have resulted from the travel of automobiles or it may have been washed out. The approach to the crossing from the west was level, but the hole referred to was on the east side of the crossing immediately adjacent thereto. While evidence was introduced by appellant which tended to negative the alleged defective condition of the street, it is not claimed that the evidence at this point was insufficient to carry the case to the jury.

At the conclusion of plaintiff's testimony, a motion was made by appellant for a directed verdict. This motion was renewed at the close of all the testimony. Both motions were promptly overruled. After the verdict in favor of appellee had been returned by the jury, appellant moved for judgment notwithstanding the verdict. The ground of this latter motion was that the petition failed to allege material facts essential to the statement of a cause of action. The allegation of the petition as to the notice to, or knowledge of, the municipality was as follows:

"That the defendant, incorporated Town of Magnolia, Harrison County, Iowa, and its officials had notice of the defect in said Locust Street, at the point where the plaintiff was injured and failed, neglected and refused to remove the same or repair the said street at said time and place, and the failure of the defendants and its officers to repair the same and remove the said defect was the direct and proximate cause of the plaintiff's injuries aforesaid."

It is the contention of appellant that the foregoing allegation of the petition charges a mere conclusion as to notice whereas it should have set out the facts relied upon to constitute actual or constructive notice. Conceding that the pleading was subject to a motion for more specific statements, it can hardly be said that the pleading is so defective in the allegation of material matters as to subject it to a motion or judgment notwithstanding the verdict. Section 11553, Code.

The petition does allege that appellant did have notice or knowledge of the defective condition of the street. The element of notice which was essential to appellee's recovery is therefore included in

the allegations of the petition. It would be going far to hold that the failure to describe the notice in such detail as to render the pleading invulnerable to a motion for more specific statements is essential to constitute a cause of action within the purpose and purview of the statute. The ruling of the court must be sustained.

The remaining questions necessary to be considered relate to the court's charge to the jury. No evidence of actual knowledge on the part of the necessary municipal officers of the alleged defect in the street was introduced by appellee. There was evidence, however, from which the jury might possibly have inferred that the defect had existed for such a length of time that the proper officers of the municipality, in the exercise of reasonable care, should have known thereof.

The burden of proving notice to the appellant, actual or constructive, rested upon appellee. Proof of notice was essential to recovery. Proper exceptions were preserved to paragraphs 3 and 8 of the court's charge and to the charge as a whole. The court, in stating the issues to the jury, included in substance the allegation of the petition as to notice. In stating the elements essential to recovery and which appellee was bound to prove by a preponderance of the evidence, the court said nothing directly or indirectly about notice. The jury could not, from a reading of instruction No. 3, have inferred or understood that the burden of proving notice, actual or constructive, as a condition precedent to recovery, rested upon appellee.

It is, however, contended that the court in the seventh paragraph of its charge fully met the contention of appellant. The court in this paragraph of its charge did instruct the jury that the appellant would not be liable unless the defect had existed for such a length of time that the municipal officers, in the exercise of the care enjoined upon them by law, should have known thereof, or that they otherwise had knowledge of such defect. Abstractly, this instruction is not subject to any particular criticism. It was followed by an instruction in which the jury was told that, if it found that the street or highway at the time and place in question was in an unsafe condition for persons traveling thereon and that appellee was negligent in permitting it to be in such unsafe condition, then the jury should proceed to determine whether such negligence was the direct and proximate cause of the injury.

Thus, it appears that the court at no time made it clear to the jury that proof of notice, actual or constructive, of the alleged defect, was essential to recovery. As stated, the burden of proving such notice was upon appellee, and no recovery could be had against the municipality in the absence of such proof. It was the duty of the court to instruct the jury as to all of the essentials necessary to be proven by appellee to entitle her to a verdict in her favor, even without a request therefor. Hall v. Town of Manson, 90 Iowa 585, 58 N. W. 881; Snipps v. Minneapolis & St. L. R. Co., 164 Iowa 530, 146 N. W. 468.

We have already pointed out that the court in stating the elements essential to recovery in paragraph 3 of its charge to the jury made no reference to the subject of notice. The court cannot fairly say that the jury, notwithstanding instruction No. 7, may not have been misled by the omission.

After stating in paragraph 3 the elements necessary to be proven which made no reference to notice, the court said:

"If all of said matters are thus shown by the preponderance or greater weight of the evidence, the plaintiff is entitled to recover. But if any one or more of said matters are not thus shown then she cannot recover."

The jury might well have understood from the foregoing language that proof of the elements stated by the preponderance or greater weight of the testimony fully met every burden imposed by law upon appellee. Charges to juries should be sufficiently certain and definite as to enable them to coordinate the various parts thereof and, as a whole, to comprehend and understand the essentials necessary to recovery. The legal mind might readily comprehend the charge in this case, but a jury, necessarily composed of laymen, might not do so.

We conclude, therefore, that the judgment appealed from should be, and it is, reversed.—Reversed.

MITCHELL, C. J., and KINTZINGER, DONEGAN, ALBERT, and ANDERSON, JJ., concur.