MABEL L. HARRIS, Appellee, v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY et al., Appellants.

No. 44196.

MARCH 15, 1938.

Hughes, O'Brien & Hughes, for appellant Chicago, Milwaukee, St. Paul & Pacific R. Co.

C. J. Cederquist, for appellant City of Madrid.

Brown & Brown, for appellee.

MITCHELL, J.—On June 26, 1934, Mabel Harris was riding as a passenger in a car—a Chrysler 1933 sedan—belonging to Alta Hall. She was sitting in the rear seat with a friend of hers. Considerable luggage occupied the left-hand part of that seat. The party started from Des Moines to go to Boone to visit some friends and drove north on highway No. 60, which is a paved road. Upon entering the City of Madrid the highway makes a left turn to the west for a short distance and then to the north, crossing a bridge or viaduct over the Milwaukee Railroad, into the business section of Madrid. The automobile was being driven at about twenty-five miles an hour. As it passed over the viaduct, it is the plaintiff's claim she was thrown out of her seat against the top of the car, injuring her back. She commenced this suit against the Chicago, Milwaukee & St. Paul Railroad and the City of Madrid for damages in the amount of $3,000. Evidence was introduced by plaintiff, and after she had rested the defendants made a motion to direct a verdict in their favor, which was overruled. The case was presented to the jury, which returned a verdict of $725 for plaintiff. Defendants were dissatisfied and have appealed.

It is a peculiar record which confronts us. There is no claim that the viaduct was improperly constructed when it was built in 1913. It is claimed that at the time the bridge was constructed the mode of transportation was the horse and buggy; that automobiles were few and they were not the high-powered motor vehicle of today. This court will take judicial notice of the change in transportation that has taken place in the almost twenty-five years since the viaduct was constructed and the date this alleged injury took place.

In the case of Peterson v. Chicago Railway Co., 185 Iowa 378, at pages 385–387, 170 N. W. 452, 455, which case was followed in the very recent case of Gable v. Kriege, 221 Iowa 852, 267 N. W. 86, 105 A. L. R. 539, this court said:

"There being no dispute as to the condition of the crossing,

it becomes a question of law whether the defendant violated any duty that it owed to the traveling public in the construction and maintenance of the crossing. It cannot be said to be negligent, unless it owed a duty to construct and maintain a crossing different from what it was at the time of the accident. The defendant's roadbed is a permanent structure. It is laid there to carry heavy loads. It is solid. It must be solid, to perform the purposes for which it is intended. The ties that support the rails extend out on either side of the rails. These ties are embedded in the ground. These planks were placed upon the ties, the bottom of the planks being on a level with the ground. The ground on either side is necessarily looser and softer than the planks, and more easily worn down. An elevation of from two to three inches between the road surface and the top of the planks does not tend to show negligence, either in the construction or maintenance of the crossing. If we should so hold, then there is scarcely a public highway in the state of Iowa that is in a reasonably safe condition for travel. The company owes only the duty to keep the highway in a reasonably safe condition; to put it in as safe condition as highways usually and ordinarily are kept for travel. It is not bound to make the highway more safe than highways usually and ordinarily are made and kept for travel. The condition shown here did not render travel upon the road greater or more dangerous in its effect upon the traveler than the inequalities of surface found in all the ordinary roads and highways of the country, which no one would claim renders those highways not reasonably safe for ordinary use by the public. From our common observation, we all know that, in nearly every mile of the highways of the country, there are to be found depressions or ridges or other inequalities of surface which do not interfere with the safe use of the highway, when traveled over in the usual and ordinary method, but which are sufficient to jolt vehicles passing over them. The severity of the jolt would depend, of course, largely upon the speed at which the vehicle is moving at the time it passes over. There is no duty resting upon a railway company to keep the surface of the road, at the crossing, so smooth and free from all inequalities that no jar or jolt will be caused by vehicles passing over the crossing. We think the evidence as to the condition of the crossing does not establish such inequality in the surface of the crossing as to interfere with the safe use

of the crossing, when used in the usual and ordinary way. If this is not so, then the railroad company, in the maintenance of crossings, owes a higher duty, in respect to crossings, than anyone ever dreamed was due the public in the maintenance of public highways.''

■■■ The appellee bases her right of recovery upon negligence of the railroad company and the City of Madrid. The burden of proving that negligence rested upon her. It was the duty of the railroad company and of the City of Madrid to maintain the crossing in a condition reasonably safe and convenient for the use of those traveling upon the public road. It is true, as argued by appellee, that what might be a reasonably safe road for the use of the horse-drawn vehicle might not be reasonably safe for the automobile, designed for more rapid transportation. It is the duty of railroad companies and cities to keep pace with the times. If by increase in population or by an increase in the use of the highway or by a change in the means of transportation, a crossing, which at the outset was adequate, is no longer so, it is the duty of the railroad to make such alteration as will meet the present need of the public who have occasion to use the highway. However, the burden of showing that the viaduct was not suitable for the conditions that existed at the time of the accident rested upon the appellee. She introduced a few pictures, which showed clearly that the viaduct was a well-constructed concrete bridge spanning the tracks of the railroad. The only testimony offered as to the condition of the viaduct is that of appellee and one of her companions. It is shown that the viaduct consists of three spans—a level span over the center of the tracks, thirty feet in length; a span with a slight grade on either side of the center, also thirty feet in length.

■■■ There isn't one word of evidence to show the grade of these approaches, no attempt to show that they were unreasonable or that there was any element of negligence. This record leaves one blind as to the condition of this viaduct. All that it shows is that appellee was riding in a car that was traveling twenty or twenty-five miles an hour and that there was a bump or jolt that threw her against the top of the car. As to whether this jolt was caused by the grade of the viaduct or some foreign object that the wheels of the car may have struck at that time, or some condition of the car, there is no evidence.

It is not sufficient for appellee simply to show that the accident occurred upon the street or viaduct in controversy. She must go further and prove that it was caused by the negligence of the appellants.

There is no legal principle better settled than this that a verdict ·may not rest upon surmise, speculation, or guess. See Wilson v. Illinois Central Railway Co., 150 Iowa 33, 129 N. W. 340, 34 L. R. A. (N. S.) 687.

The appellee having failed to offer evidence of any negligence on the part of the railroad company or the City of Madrid, the lower court should have sustained the motion made at the close of the evidence to direct a verdict in favor of the appellants, and, having failed to do so, it was in error.

It necessarily follows that this case must be, and it is hereby, reversed.—Reversed.

Chief Justice and all Justices concur.