LYDIA MEIER, appellee, v. TOWN OF CUSHING, appellant.

No. 48589.

(Reported in 68 N.W.2d 74)

JANUARY 12, 1955

Warren G. Dunkle, of Gill & Dunkle, of Sioux City, for appellant.

Ed H. Campbell, Jr., of Campbell & Campbell, of Battle Creek, for appellee.

442

OLIVER, J.—On the evening of November 8, 1952, plaintiff was riding in a 1940 Ford automobile driven by her husband, in the town of Cushing, north, on a gravel street named County Road. Second Street intersects County Road from the east. Evidence for plaintiff was that as the Ford car approached and traversed this intersection at about fifteen miles per hour it met an automobile with blinding headlights and traveled near the right edge of the traveled part of County Road. In the intersection the Ford struck a bump, or ridge, then dropped into a hole in the street, bounced at an angle toward the northwest and was brought to a stop in about twenty feet. Plaintiff was thrown against the top of the car and suffered a compressed fracture of the twelfth dorsal vertebra. She brought this action for damages against the town, based upon its alleged negligence in failing to maintain the street in a reasonably safe condition. Trial to a jury resulted in judgment for plaintiff for $1500. Defendant has appealed.

I. Over defendant's objections the court permitted plaintiff's husband to testify the car hit a bump and the hole in the street. Defendant predicates error upon this, for the stated reason the witness did not, at the time, see what the car hit and did not inspect the intersection until two days later. Defendant argues: "What he found out after two days was inconsequential. The remoteness of time is fatal to the testimony."

We hold this delay did not render the testimony inadmissible. There is no suggestion the condition of the intersection had changed. Nor were questions as to what happened objected to as calling for conclusions, as distinguished from composite facts. What effect, if any, the delay had on the weight to be given this testimony is another question. That was for the jury.

II. Defendant contends the court should have sustained its motion for directed verdict on the ground plaintiff failed to prove defendant had notice of the defects in question, prior to November 8, 1952. This contention is not well founded. There was evidence the condition had existed for some months. This was sufficient to require that the question of constructive notice to the city be submitted to the jury. Parks v. Des Moines, 195 Iowa 972, 191 N.W. 728.

III. Error is assigned to the order overruling defendant's motion for directed verdict based upon the contention the evidence was insufficient to prove the town was negligent in failing to maintain the street in a reasonably safe condition. In other words, it is contended the defects in the street were, as a matter of law, insufficient to constitute negligence. This is the real question in the case.

Second Street intersects County Road from the east but does not extend west of the intersection. County Road is sixty-six feet wide and the gravel and traveled part is twenty-seven feet wide. Across the north side of the intersection is a cement crosswalk. An engineer who examined the intersection testified the hole in the surfaced part of the street was near the east side of the surfaced part and about one or one and one-half feet south of that crosswalk. The hole was elliptical or oval in shape, was about five by seven feet and measured six inches deep. A hard gravel ridge about one foot high ran from the west edge of the gravel on County Road in a quarter circle. At the east edge of the gravel part of County Road this ridge was about twenty feet south of the east-and-west crosswalk on the north side of the intersection. The engineer expressed the opinion the relatively heavy travel from the north which turned east at the intersection "has dished that road and thrown the gravel up into this so-called ridge and made this hole. It is also my opinion that if the walk had not been in there that the hole probably would not have been so bad."

Defendant cites Humphrey v. Des Moines, 236 Iowa 800, 805, 806, 20 N.W.2d 25, 27, 28, in which the holes in the pavement were three or four inches deep and the trial court directed a verdict for defendant on the ground of contributory negligence. The decision quotes from Peterson v. Chicago, M. & St. P. R. Co., 185 Iowa 378, 386, 170 N.W. 452, 455: "* * * An elevation of from two to three inches between the road surface and the top of the planks does not tend to show negligence, either in the construction or maintenance of the crossing."

The Humphrey case quotes also from Gable v. Kriege, 221 Iowa 852, 860, 267 N.W. 86, 90, 105 A. L. R. 539: "A hole or depression of the extent that plaintiffs' testimony shows, three or four inches deep at its deepest point and not abrupt but cupped

out by travel, would not render a highway unsafe for travel in the ordinary and reasonable manner of traveling thereon."

The Humphrey decision then states: "Applying the foregoing pronouncements to the facts herein, it would appear that, under our holding in the Peterson case, supra, the fact that the holes complained of had a two-inch drop around the edge would not render them so dangerous to vehicular travel as to constitute actionable negligence. And, under our holding in the Gable case, supra, the fact that the maximum depth of the larger hole was four inches would not support a claim of actionable negligence on the part of the city."

However, in Beach v. Des Moines, 238 Iowa 312, 336 to 342, 26 N.W.2d 81, 94, 95, 96, this court pointed out that the height of an elevation or the depth of a depression in a public sidewalk is not a decisive determinant on the question of negligence in maintaining the same. Many supporting authorities are cited. Among these is Baxter v. Cedar Rapids, 103 Iowa 599, 606, 72 N. W. 790, 792, which states: "* * * These will vary with the circumstances of different cases, and whether the municipality is liable for a defect in its streets or walks will, as a rule, be a question of fact, to be determined by the jury under the instruction of the court, and not a mere question of law, to be determined by the court alone."

The Beach case quotes with approval from City of Louisville v. Haugh, 157 Ky. 643, 646, 163 S.W. 1101, 1102: "The distinction between a hole in the street which would render a street unsafe, and a hole that would not do so, is a thing practically impossible to define. The depth of the hole alone would not control such characterization. Its shape, its size, its location with reference to the conditions and extent of public travel, and many other considerations would enter into the determination of the question of the effect of such hole upon the safety of the street, and would make the inquiry as to whether such hole amounted to a want of ordinary care upon the part of the city, peculiarly a question for the jury."

Defendant cites Keen v. City of Mitchell, 37 S. D. 247, 157 N.W. 1049, L. R. A. 1916F 704, in which the city constructed and maintained across a street, for drainage purposes, a depression

about twelve feet wide and seven or eight inches in depth at the deepest point, from which it sloped regularly upward each way. This was held not to be a dangerous condition so as to make the city liable for an accident occurring there.

Plaintiff cites Nashville v. Brown, 25 Tenn. App. 340, 157 S.W.2d 612, in which a passenger was thrown to the top of a car which passed over a drain across a street with a dip of nine or ten inches through a space of twenty-seven or twenty-eight feet. Held, whether this condition was so dangerous a defect or obstruction as to make the city liable was a question for the jury.

Also cited by plaintiff is Jaixen v. Hargreaves, 127 N. J. L. 370, 22 A.2d 276. There recovery was allowed a passenger, injured when the automobile struck a valley gutter, seven inches deep and eight feet wide at a street intersection.

In Dobbs v. West Liberty, 225 Iowa 506, 281 N.W. 476, the municipality was held not liable to the passenger thrown against the top of the automobile, for the reason that the gutter was constructed according to plans of a competent engineer adopted by it.

The city was held liable in Hollingworth v. Fort Dodge, 125 Iowa 627, 101 N.W. 455, for injuries suffered by the operator of an omnibus which struck boulders and a drain in the street.

Gray v. Des Moines, 221 Iowa 596, 265 N.W. 612, 104 A. L. R. 1228, affirmed a judgment for the operator of an automobile which was caused to swerve by loose brick that made a place in the pavement defective.

In Jones v. Sioux City, 185 Iowa 1178, 1182, 170 N.W. 445, 447, 10 A. L. R. 474, 476, the court said it was for the jury to determine whether the city was negligent where the pavement was and had been "in a rough and uneven condition; the cobblestones next to the streetcar tracks are higher than the rest of the pavement, and some of them are missing; holes are worn, 3 to 4 inches deep, in places."

This holding was repeated in Jones v. Sioux City, 192 Iowa 99, 182 N.W. 644.

In Jensen v. Incorporated Town of Magnolia, 219 Iowa 209, 257 N. W. 584, plaintiff was thrown to the top of an automobile when it struck a hole in the street about ten inches deep on the east side of a north-and-south concrete crossing. This defect may have resulted from automobile travel or it may have been washed

out. A judgment for plaintiff was reversed for failure to properly instruct the jury upon notice. The court pointed out it was not claimed the evidence of the defective condition was insufficient to carry the case to the jury.

In Kehm v. Dilts, 222 Iowa 826, 830, 270 N.W. 388, 390, plaintiff was thrown against the top of a car which struck a large bump or ridge in the road. Although a judgment for plaintiff was reversed upon other grounds the court stated: "We cannot say, as a matter of law, that an obstruction of this kind extending across a traveled roadway does not constitute negligence. Whether or not the bump in the roadway constituted negligence was peculiarly one for the jury."

In the case at bar the car struck the ridge or bump, continued north about twelve or fifteen feet, dropped into the hole and bounced to the northwest. The question is whether it can be said as a matter of law that the combination of these defects was so trivial that defendant owed no duty to repair them. We conclude that is a question upon which the minds of reasonable men might properly disagree. A contrary holding would be inconsistent with many of our decisions and the statute, now section 389.12, Code of Iowa, 1954, which requires municipalities to keep their public ways in repair. Hence, the question was one of fact, for the jury.—Affirmed.

All JUSTICES concur.